# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1476 | **DATE** | 7/8/2004 |
| **CASE TITLE** | LEONARD LOWE vs. WOLIN-LEVIN, INC., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEONARD LOWE,

    Plaintiff,

v.

WOLIN-LEVIN, INC. and EAST POINT
CONDOMINIUM ASSOCIATION,

    Defendants.

No. 02 C 1476
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**DOCKETED**
**JUL 1 3 2004**

### Factual Background

The East Point Condominium Association ("Association"), a dismissed Co-Defendant in this case,[1] employed Co-Defendant Wolin-Levin, Inc., a property management company, to manage its building at 6101 N. Sheridan Road. Plaintiff Leonard Lowe was employed as a janitor for the building from January to October 2000, when he was fired by on-site manager Henry Small for insubordination related to his repeated spitting on East Point property and "gossiping" loudly in and around the building. Lowe later filed suit against Wolin-Levin and the Association under the theory that they were his "joint" employers. He claimed two causes of action based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.S. § 2000e, and its remedial provision, 42 U.S.C.S § 1981a. Count I claims religious harassment and discrimination; Count II claims retaliation.

---

[1] On February 10, 2003, I granted summary judgment in favor of the Association because it did not employ the number of employees required by Title VII during the relevant years.

46

Under the contract between Wolin-Levin and the Association, Wolin-Levin was authorized and required to perform a variety of functions, including collection of assessments, payment of utilities and expenses, and preparation of paychecks and IRS W-2 forms for East Point employees. The contract conferred responsibility on Wolin-Levin to hire, supervise, and fire personnel required to maintain and operate the condominium building, although the contract determined these personnel would be treated as Association employees. The Association agreed in the contract to indemnify Wolin-Levin for any liability or expense related to claims brought against Wolin-Levin under fair employment, equal employment, or similar laws. Pursuant to the contract, Wolin-Levin employee Paula Diamond was appointed as the Supervisory Property Manager to handle, on behalf of the Association, financial and budgetary matters, large construction and renovations contracts, and other issues as they arose. Henry Small, the building's on-site manager who reported to both Diamond and the Association Board, supervised and fired Lowe. Under its contractual responsibility, Wolin-Levin had screened candidates for Henry Small's position and recommended him to the Association's Board.

## Analysis

Wolin-Levin now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cox v. Acme Health Servs.*, 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists when, after allowing for all reasonable inferences drawn in a light most favorable to Plaintiff Lowe, there is evidence on the basis of which a

2

reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Eiland v. Trinity Hosp.*, 150 F.3d 747, 749 (7th Cir. 1998). The burden is on Wolin-Levin to establish that no genuine issue of material fact exists, *see Haefling v. UPS*, 169 F.3d 494, 497 (7th Cir. 1999), and if it meets that burden, Lowe must set forth specific facts demonstrating the existence of a genuine issue, *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Motions for summary judgment in employment discrimination cases should be approached with added rigor because credibility and intent are often central issues. *Collier v. Budd Co.*, 66 F.3d 886, 892 (7th Cir. 1995).

Wolin-Levin argues that it is cannot be held liable under Title VII because it did not have an employment relationship with Lowe. Lowe, however, argues Wolin-Levin may be liable because it had sufficient control over the Association's employees as to be their "joint" employer. *See Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1360-61 (11th Cir. 1994) (finding that retained contractual authority and actual exercise of control are both independently relevant factors in determining joint employer status). Factors to consider when determining whether a company is a joint employer are: (1) supervision of employees' day-to-day activities; (2) authority to hire or fire employees; (3) promulgation of work rules and conditions of employment; (4) issuance of work assignments; and (5) issuance of operating instructions. *Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking, Inc.*, 176 F.3d 1004, 1008 (7th Cir. 1999) (quoting *DiMucci Constr. Co. v. NLRB*, 24 F.3d 949, 952 (7th Cir. 1994)).

Both the "Hybrid Economic Realities" and "Defacto Employer" tests that Wolin-Levin puts forward in its brief focus primarily on the structural relationship between the employer and employee. *EEOC v. Ill.*, 69 F.3d 167, 171 (7th Cir. 1995); *Ikpoh v. Cent. DuPage Hosp.*, No. 90

3

C 7146, 1992 U.S. Dist. LEXIS 12610, at *18 (N.D. Ill. Aug. 21, 1992). The element of control is an important part of both tests, although the hybrid test contains 11 additional factors, which I do not believe are dispositive here. Where an entity like Wolin-Levin "essentially controls employment decisions" (even absent a formal employment relationship) and is extensively involved with plaintiff's day-to-day employment, then the entity may be considered the de facto employer for purposes of Title VII liability. *EEOC*, 69 F.3d at 171-72; *Kerr v. WGN Cont'l Broad. Co.*, 229 F. Supp. 2d 880, 886 (N.D. Ill. 2002).

In order for me to grant summary judgment to Wolin-Levin under any of these tests, it must show that there is no genuine issue of material fact as to whether it controlled, or was extensively involved with, employment decisions at East Point. *See id.* As far as discrimination in hiring or firing is concerned, the "key powers are, naturally, those of hiring and firing." *EEOC*, 69 F.3d at 171. It may be true, as Wolin-Levin argues, that its contract with the Association was "more print than practice" and did not dictate the relationship between the parties. However, Lowe points to provisions of the contract and other facts submitted to the court in depositions that contradict this claim and suggest that Wolin-Levin's practices might have conformed to its contractual obligations to "maintain and operate the Condominium property." Both parties agree that the contract designated the building's employees as East Point employees and provided for the Association to indemnify Wolin-Levin for any liability or expense related to any employment claims brought against it. However, they also agree it placed on Wolin-Levin the responsibility for hiring, supervising, and firing these employees, including janitors such as Leonard Lowe.

4

A reasonable jury could find on the basis of this evidence that Wolin-Levin was a joint employer wielding sufficient control over Lowe's employment with the Association to have controlled his hiring and/or firing. Wolin-Levin did not have to be Lowe's direct employer to wield such control and bring itself under potential Title VII liability. *See Kerr*, 229 F. Supp. 2d at 886 (citing *Papa v. Katy Indus.*, 166 F.3d 937, 941 (7th Cir. 1999); *EEOC*, 69 F.3d at 171-72). It only had to *retain* control, if not exercise it, over Lowe's hiring and firing. *See EEOC*, 69 F.3d at 171 (suggesting that if defendant were "pulling the strings in the background" it may reach the point at which it was the de facto employer); *Virgo*, 30 F.3d at 1361. Whether Wolin-Levin retained or exercised such control is under factual dispute because the agreement expressly grants that control to Wolin-Levin. There are also genuine issues of material fact regarding the extent to which Paula Diamond was involved in directly managing Small and the day to day operations at East Point, the extent Diamond had control over Small's employment, and the role Diamond and Wolin-Levin played or could have played in hiring and firing Lowe. Therefore, I find that summary judgment is inappropriate.

For the reasons stated above, Wolin-Levin's Motion for Summary Judgment is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 July 2004

5